UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER D. BAKER,<br><br>Defendant. | Case No.  1:26-cv-04157-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE AS FRIVOLOUS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending for screening under 28 U.S.C. § 1915A is the complaint filed by pro se Plaintiff Michael Bruce Anthony McPherson, a state prisoner, confined at the California Substance Abuse Treatment Facility ("SATF") which is operated by the California Department of Corrections and Rehabilitation ("CDCR").  (Doc. 1, "Complaint").  The undersigned recommends the district court dismiss this action as frivolous and lacking an arguable basis in fact or law.

SCREENING REQUIREMENT

Because Plaintiff commenced this action while incarcerated, the Court must screen the complaint under the Prison Litigation Reform Act ("PLRA").  28 U.S.C. § 1915A(a).  The Court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  *Id*.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

§ 1915A(b)(1)-(2).

"The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). A complaint is "factual[ly] frivolous [ ]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

## SUMMARY OF THE COMPLAINT

The complaint names one defendant: United States Magistrate Judge Christopher D. Baker. (Doc. 1 at 2). The complaint invokes jurisdiction under 28 U.SC. § 1361, so the Court construes it as a petition for writ of mandamus. The petition asserts a claim for "failure to act on ministerial duty." Because of its brevity, the Court sets forth the "Supporting Facts" in full.

> A legal obligation that is owed or due to another and that needs to be satisfied; that which one is bound to do, and for which somebody else has a corresponding right.

2

04/29/2026 Christopher D. Baker at 02:33 PM PDT acknowledged my status as GOD and King through a "judicial declaration" in Case No: 1:26-cv-00707-JLT-CDB.

The Court knows the "absolute duty" owed to "GOD" and to "The sovereign."

(*Id.,* unedited).  As relief, Plaintiff seeks an order "commanding" prison authorities to release him. (*Id.* at 6).

APPLICABLE LAW AND ANALYSIS

To the extent discernable, Plaintiff's petition for a writ of mandamus is premised on the assertion that the Judge Baker 'concurred' that Plaintiff is 'God and King' and is therefore compelled to order Plaintiff's immediate release from state custody.  To the extent Plaintiff relies on this characterization, it is misconstrued and legally immaterial.

First, Judge Baker made no such determination.  The Court takes judicial notice of *McPherson v. Bonta*, No. 1:26-cv-00707-JLT-CDB (E.D. Cal.).[2]  In his Findings and Recommendations issued on April 29, 2026, Judge Baker stated that "it appears that Plaintiff asserts he is God and/or King over various government agencies, races and countries." (*McPherson v. Bonta*, No. 1:26-cv-00707-JLT-CDB (E.D. Cal.), Doc. 4 at 4).  Thus, Plaintiff's allegation that Judge Baker acknowledged Plaintiff as GOD and King through a "judicial declaration" is refuted by the record.

In any event, mandamus lies only to compel performance of a clear, nondiscretionary legal duty and does not provide a vehicle to enforce an asserted divine or royal status. *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121, 109 S. Ct. 414, 424, 102 L. Ed. 2d 408 (1988).  Because Plaintiff identifies no specific, ministerial duty owed by any federal officer or court that would require his release, and because mandamus is not a substitute for direct appeal or habeas relief,

---

[2] Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court may take judicial notice on its own or at the request of any party. *Id.* 201(c).  Courts judicially notice other court proceedings "if those proceedings have a direct relation to the matters at issue." *United States ex. Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

3

the petition fails to state any cognizable basis for mandamus relief and should be denied.

Furthermore, no theory of liability lies against Judge Baker.  Judges enjoy immunity for "judicial acts" performed in the course of their work.  *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021), *cert denied*, 142 S.Ct. 900 (2022).  They cannot be subject to liability for action taken within the jurisdiction of their courts.  *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  To determine whether an act is judicial, a court must consider whether "'(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.'"  *Id*. (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)).

Here, Judge Baker is the sole defendant and is protected by judicial immunity because Plaintiff challenges conduct that constitutes a "judicial act."  The Complaint focuses on Judge Baker's April 29, 2026 Findings and Recommendations – a "normal judicial function" that is required by law.  *See* 28 U.S.C. § 636(b)(1)(C) (requiring magistrate judge to submit Findings and Recommendations on certain matters to the district judge).  Moreover, the April 29, 2026 Findings and Recommendations were issued in case then pending before Judge Baker and were undertaken in his official capacity.

Because the action is frivolous and barred by judicial immunity, leave to amend is not warranted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").  The undersigned therefore recommends the petition for writ of mandamus be dismissed with prejudice.

Accordingly, it is ORDERED:

The Clerk of the Court randomly assign this case to a United States District Judge.

It is further RECOMMENDED:

Plaintiff's complaint (Doc. 1) construed as a petition for writ of mandamus be dismissed pursuant to § 1915A(b)(1) as frivolous with prejudice.

////

4

**NOTICE TO PARTIES**

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  ***Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.***

Dated:     June 8, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE